UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY D. ELKINS,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN McKINNEY,<br><br>    Respondent. | Case No. CV 22-02521-RGK (RAO)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |

## I.   INTRODUCTION

On April 14, 2022, the Court received a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition") from Petitioner Jerry D. Elkins ("Petitioner"). (Pet., Dkt. No. 1.) Petitioner seeks relief from his 2013 conviction and sentence in the United States District Court for the Eastern District of Missouri. (Pet. at. 2.)

Petitioner previously filed two section 2241 petitions in this District. *See Elkins v. Victorville U.S.P.*, Case No. 18-CV-06973-RGK (RAO) (C.D. Cal. Aug. 14, 2018); *Elkins v. Swain*, Case No. 19-07762-RGK (RAO) (C.D. Cal. Aug. 6, 2019). The Court dismissed the prior actions for lack of jurisdiction. *See* Order Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Jurisdiction, *Elkins v. Victorville U.S.P.*, Case No. 18-06973-RGK (RAO), Dkt. Nos. 3-4; Order

Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Jurisdiction, *Elkins v. Swain*, Case No. 19-07762-RGK (RAO), Dkt. Nos. 6-7. For the reasons that follow, the Court finds that it lacks jurisdiction over the instant Petition and dismisses the action without prejudice. All pending motions are denied as moot.

## II.     PROCEDURAL BACKGROUND

Petitioner is a federal prisoner currently incarcerated at the United States Penitentiary in Victorville, California. Petitioner's incarceration is the result of a 2013 conviction in the United States District Court for the Eastern District of Missouri following Petitioner's trial for conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d) (count 1), and conspiracy to commit murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5) (count 13). (Pet. at 2); s*ee also* Judgment, *United States v. Smith, et al.*, No. 4:11-cr-00246-CDP-12 (E.D. Mo.), Dkt. No. 1491.[1] The District Court sentenced Petitioner to a term of 210 months of imprisonment on count 1 and 120 months of imprisonment on count 13, to run concurrently for an aggregate term of imprisonment of 210 months. *Id.*

Petitioner appealed to the Court of Appeals for the Eighth Circuit, where he challenged the sufficiency of the evidence and argued that the District Court abused its discretion by not utilizing a special verdict form. *See United States v. Henley, et al.*, 766 F.3d 893, 909, 914-15 (8th Cir. 2014). The Eighth Circuit disagreed and affirmed the judgment of the District Court. *Id.* at 916-17. The United States Supreme Court denied the petition for writ of certiorari on May 4, 2015. *See Henley v. United States*, 135 S. Ct. 2065, 191 L. Ed. 2d 968 (2015).

---

[1]     The Court takes judicial notice of the dockets of the Eastern District of Missouri and of the Court of Appeals for the Eighth Circuit in the cases involving Petitioner cited herein. *See* Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

On May 6, 2016, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the Eastern District of Missouri. *See Elkins v. United States*, No. 4:16-cv-00645-CDP (E.D. Mo.), Dkt. No. 1. On November 6, 2017, Petitioner moved to amend his motion to include a claim under *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), requesting that his convictions be vacated because conspiracy to commit murder no longer qualifies as a crime of violence. *See Elkins v. United States*, No. 4:16-cv-00645-CDP (E.D. Mo.), Dkt. No. 12. On April 9, 2018, the District Court denied Petitioner's section 2255 motion. *See id.*, Dkt. No. 19. The District Court also denied leave to amend, concluding that it would be "futile" because Petitioner was not sentenced under the Armed Career Criminal Act or classified as a "career offender," and thus *Johnson* did not apply. *See id.* Petitioner filed a motion to amend or alter the judgment, which was denied on May 16, 2018. *See id.*, Dkt. Nos. 22, 23.

On May 24, 2018, Petitioner appealed the District Court's denial of his section 2255 motion, which the Eighth Circuit treated as an application for a certificate of appealability. *See Elkins v. United States*, No. 18-2122 (8th Cir.).[2] On September 18, 2018, the Eighth Circuit denied the application for a certificate of appealability, and on November 20, 2018, denied a petition for rehearing en banc and a petition for rehearing by the panel. *See id.*, Dkt. Nos. 11, 18.

On August 14, 2018, Petitioner filed in this District a habeas action pursuant to section 2241. *See Elkins v. Victorville U.S.P.*, Case No. 18-06973-RGK (RAO) (C.D. Cal.). The Court determined that it lacked jurisdiction over the matter and further determined that the case should be dismissed, rather than transferred to the Eastern District of Missouri. *See* Order Summarily Dismissing Petition for Writ of

---

[2] The Eighth Circuit declined to act on Petitioner's August 14, 2018 motion for second or successive 2255 petition, which he filed "in the event of a[n] adverse decision of [his] pending circuit case." *See Elkins v. United States*, No. 18-2122, Dkt. No. 9.

Habeas Corpus for Lack of Jurisdiction, *Elkins v. Victorville U.S.P.*, Case No. 18-06973-RGK (RAO), Dkt. Nos. 3-4.

On December 14, 2018, Petitioner filed a motion for second or successive 2255 petition with the Eighth Circuit, which the Eighth Circuit denied on March 12, 2019. *See Elkins v. United States,* Case No. 18-3672 (8th Cir.), Dkt. No. 6.

On August 6, 2019, Petitioner filed in this District his second habeas action pursuant to section 2241. *See Elkins v. Swain*, Case No. 19-07762-RGK (RAO) (C.D. Cal.). The Petition raised four grounds for relief: (1) "defect[ive] indictment, constructive amendment, jury instruct[ions]"; (2) "crime of violence – VICAR"; (3) "conflict of interest"; and (4) "unindicted charge." (*See* Pet. at 3-4.) The Court determined that it lacked jurisdiction over the matter and further determined that the case should be dismissed, rather than transferred to the Eastern District of Missouri. *See* Order Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Jurisdiction, *Elkins v. Swain*, Case No. 19-07762-RGK (RAO), Dkt. Nos. 6-7.

On November 8, 2019, Petitioner filed another motion for second or successive 2255 petition with the Eighth Circuit, which the Eighth Circuit denied on April 22, 2020. *See Elkins v. United States*, Case No. 19-3422 (8th Cir.), Dkt. No. 15.

On November 22, 2021, Petitioner again filed a motion for second or successive 2255 petition with the Eighth Circuit, which the appellate court denied on January 18, 2022. *See Elkins v. United States*, Case No. 21-3693 (8th Cir.), Dkt. No. 8.

On April 14, 2022, Petitioner filed the instant Petition. The Petition raises two grounds for relief: (1) defective indictment; and (2) constructive amendment/defective jury instruction/fraud on the court. (*See* Pet. at 3.) Petitioner also filed two motions with the instant Petition. One motion asks the Court to invoke its inherent powers of equity to grant Petitioner the requested relief on the basis of actual innocence ("Motion for Relief"). (*See* Dkt. No. 2.) The second motion asks the Court to set aside the underlying judgment pursuant to Rule 60(b) and Rule 60(d)

("Rule 60 Motion"). (*See* Dkt. No. 3.) Petitioner's Rule 60 Motion is identical to an exhibit attached to his motion for second or successive 2255 petition with the Eighth Circuit in Case No. 21-3693, which the appellate court denied. (*See Elkins v. United States*, Case No. 21-3693 (8th Cir.), Dkt. No. 1 at 5-42.

### III. STANDARD OF REVIEW

Petitioner seeks relief by way of a habeas petition under 28 U.S.C. § 2241. A Court may apply the Rules Governing Section 2254 Cases in the United States District Courts to other types of habeas corpus actions, including actions under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014); *Philip v. Tews*, No. CV 16-01987 CJC (AFM), 2016 WL 1732699, at *2 n.2 (C.D. Cal. Apr. 29, 2016).

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### IV. DISCUSSION

**A.   The Requested Relief is Properly Sought in a Section 2255 Motion**

Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention . . . ."

*Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). That is, as a general matter, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *see* 28 U.S.C. §§ 2241(d), 2255(a).

Petitioner is a federal prisoner, and his Petition contests the legality of his sentence rather than the manner, location, or conditions of its execution. Thus, Petitioner's request for relief should be asserted under section 2255 in the Eastern District of Missouri, the District Court that sentenced him. *See* 28 U.S.C. § 2255(a); *Hernandez*, 204 F.3d at 864.

**B. Petitioner Does Not Qualify for Section 2255's Escape Hatch**

While a section 2255 motion is "the exclusive means by which a federal prisoner may test the legality of his detention," "the one exception to the general rule is what [is] called the 'escape hatch' of § 2255." *Stephens*, 464 F.3d at 897. "The escape hatch permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Id*. (quoting *Hernandez*, 204 F.3d at 864-65) (internal quotation marks omitted).

In the Motion for Relief, Petitioner states that he is attempting to demonstrate his actual innocence, which the Court interprets as an attempt to invoke the "escape hatch" of section 2255. Dkt. No. 2 at 4-8.

The escape hatch provision is found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by

>motion is inadequate or ineffective to test the legality of his detention.

In the Ninth Circuit, "a motion meets the escape hatch criteria of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens*, 464 F.3d at 898) (internal quotation marks omitted); *see Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012).

"[A] claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)." *Stephens*, 464 F.3d at 898. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)) (internal quotation marks omitted); *accord Stephens*, 464 F.3d at 898. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24 (citing *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S. Ct. 2514, 2518-19, 120 L. Ed. 2d 269 (1992)), *accord Muth*, 676 F.3d at 819. Rather, "[a] petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).

Construing the Petition's claims of a defective indictment and constructive amendment/defective jury instructions/fraud on the court as ones relating to due process, these are not claims of actual innocence as that term is meant in the context of section 2255's escape hatch because Petitioner does not challenge the factual evidence leading to his conviction. *See Bousley*, 523 U.S. at 624 ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency."). Because Petitioner has not stated a claim of actual innocence, he does not qualify for section 2255's escape hatch. *See Schlup*, 513 U.S. at 316 ("Without any new evidence of

innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

## C. Dismissal Rather than Transfer of This Action Is Appropriate

Because the Court has determined that Petitioner's requested relief should be brought in a section 2255 proceeding in the Eastern District of Missouri, the Court must determine whether to transfer this action to that District or to simply dismiss it.

Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." This statute applies in habeas proceedings. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *see also Muth*, 676 F.3d at 818 ("If the district court construes the filing as a § 2255 motion and concludes that it therefore lacks jurisdiction, it may transfer the case to the appropriate district."). "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera*, 245 F.3d at 1074 (citing *Kolek v. Engen,* 869 F.2d 1281, 1284 (9th Cir. 1989)).

Here, this Court lacks jurisdiction over the Petition, and so the first requirement for transfer is satisfied. As discussed above, section 2255 motions must be filed in the sentencing court, while section 2241 petitions must be filed in the custodial court. *Hernandez*, 204 F.3d at 864; *see* 28 U.S.C. §§ 2241(d), 2255(a). The determination of which provision provides the proper avenue for relief implicates a court's jurisdiction over the matter. *See Hernandez*, 204 F.3d at 865 ("An inquiry into whether a § 2241 petition is proper . . . is critical to the determination of district court jurisdiction."); *see also Muth*, 676 F.3d at 818. In this case, Petitioner does not

qualify for section 2255's escape hatch, and therefore this Court lacks jurisdiction.

The second condition for transfer is not satisfied in this case. If brought as a section 2255 motion in the Eastern District of Missouri, the instant Petition would be a second or successive motion, as Petitioner previously has filed (and was denied relief on) a section 2255 motion. Petitioner thus would have to obtain authorization from the Eighth Circuit in order to proceed, and his failure to obtain authorization would deprive the Eastern District of Missouri of jurisdiction over the motion. *See* 28 U.S.C. § 2255(h). As noted above, Petitioner's prior requests to file a second or successive section 2255 motion, as well as his Rule 60 Motion submitted as an exhibit to his motion in Case No. 21-3693, were denied by the Eighth Circuit. *See Elkins v. United States*, No. 18-3672 (8th Cir.), Dkt. No. 6; *Elkins v. United States*, Case No. 21-3693 (8th Cir.), Dkt. No. 8.

Thus, the Eastern District of Missouri could not exercise jurisdiction over this action.

The third condition for transfer also is not satisfied in this case. Because the Eastern District of Missouri could not exercise jurisdiction over the Petition, transfer of this action would not further the interests of justice. *See Cunningham v. Langford*, No. CV 16-5942 JAK (SS), 2016 WL 6637949, at *5-6 (C.D. Cal. Oct. 13, 2016) (dismissing rather than transferring a putative section 2241 petition, and stating that "the [Court of Appeals for the transferee district] has previously denied Petitioner leave to present his claim through a § 2255 motion, so transfer would likely be futile" (citation omitted)), *report and recommendation adopted*, 2016 WL 6635626 (C.D. Cal. Nov. 9, 2016).

For these reasons, transfer of this action is not warranted, and dismissal is appropriate.

## V. DENIAL OF CERTIFICATE OF APPEALABILITY

The Court further finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the court erred in its procedural ruling and,

therefore, a certificate of appealability will not issue in this action. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Alaimalo*, 645 F.3d at 1047 ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal the denial of that petition absent a COA[.]").

## VI.  ORDER

Based on the foregoing, IT IS ORDERED THAT the Petition is **DISMISSED** without prejudice for lack of jurisdiction.

DATED: June 2, 2022

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE